```
                              Jon   Figliolini
                              Reg. #02372-049
                              F.C.I. -Otisville
                              Otisville, N.Y.10963
```

                                        Monday, August 30, 2004

To: Mr. Paul Lyness, Clerk for,
    Honorable George A. O'Toole Jr.
    United States District Court
    One Courthouse Way
    Boston Massachusetts 02210

Re: <u>§ 2255 Proceeding in re: case no.99-CR-10172-GAO</u>.

Dear Mr. Lyness,

   I am writting you this letter because I believe there is some confusion about whom is suppose to provide service of my § 2255 motion to the Office of the United States Attorney.

   As you know I am proceeding in this matter pro-se. I am no longer allowed to contact you or your office by phone due to institutional policy here at Otisville. As an alternative I can utilize the U.S. Mail. However, I never receive any response from your office when I do. I proceeded to have a family member contact you until recently you instructed her not to do so.

   During your last conversation with my family member you advised her that the Court would not look at my motion for § 2255 until I provided service of such on the United States Attorney. This is wrong.

   I provided you with three copies of my Motion under § 2255, which was mailed to your office on April 6, 2004, and three copies of a memorandum of law in support of said motion which was mailed to you on July 19, 2004.

   To avoid any further confusion about whom is suppose to provide service of the motion on the United States Attorney enclosed is a copy of Rule 3 of the Rules Governing § 2255 Proceedings which clearly states that:
   "Upon receipt of the motion...**the clerk for the district court** shall file the motion and enter it on the docket... **He** shall thereupon **deliver or serve** a copy with notice of its filing on the United States Attorny.."

   Also enclosed is a copy of Rule 4 of the Rules Governing § 2255 Proceedings which provides that:
   "The original motion shall be presented **promptly** to the judge..."



Page-2-

Can you please take care of the proper filing of my motion so that the process can get started? Can you also please send me a written response to this letter so that I can know where we stand?

Thankyou in advance for handling this matter appropiately.

Sincerely,

Jon Figliolini

Case 1:04-cv-12192-GAO    Document 4    Filed 10/19/2004    Page 3 of 4

5, but    The courts have made even greater use of § 2255 in these types of situations. In *United States v. Lewis*, 392 F.2d 440 (4th Cir.1968), the prisoner moved under § 2255 and Rule 35 for relief from a sentence he claimed was the result of the judge's misunderstanding of the relevant sentencing law. The court held that he could not get relief under Rule 35 because it was past the 120 days for correction of a sentence imposed in an illegal manner and under *Hill v. United States* it was not an illegal sentence. However, § 2255 was applicable because of its "otherwise subject to collateral attack" language. The flaw was not a mere trial error relating to the finding of guilt, but a rare and unusual error which amounted to "exceptional circumstances" embraced in § 2255's words "collateral attack." See 368 U.S. at 444 for discussion of other cases allowing use of § 2255 to attack the sentence itself in similar circumstances, especially where the judge has sentenced out of a misapprehension of the law.

In *United States v. McCarthy*, 433 F.2d 591, 592 (1st Cir.1970), the court allowed a prisoner who was past the time limit for a proper Rule 35 motion to use § 2255 to attack the sentence which he received upon a plea of guilty on the ground that it was induced by an unfulfilled promise of the prosecutor to recommend leniency. The court specifically noted that under § 2255 this was a proper collateral attack on the sentence and there was no need to attack the conviction as well.

The court in *United States v. Malcolm*, 432 F.2d 809, 814, 818 (2d Cir.1970), allowed a prisoner to challenge his sentence under § 2255 without attacking the conviction. It held Rule 35 inapplicable because the sentence was not illegal on its face, but the manner in which the sentence was imposed raised a question of the denial of due process in the sentencing itself which was cognizable under § 2255.

The flexible approach taken by the courts in the above cases seems to be the reasonable way to handle these situations in which Rule 35 and § 2255 appear to overlap. For a further discussion of this problem, see C. Wright, Federal

**1982 Amendment**

**Subdivision (b).** The amendment takes into account 28 U.S.C. § 1746, enacted after adoption of the § 2255 rules. Section 1746 provides that in lieu of an affidavit an unsworn statement may be given under penalty of perjury in substantially the following form if executed within the United States, its territories, possessions or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." The statute is "intended to encompass prisoner litigation," and the statutory alternative is especially appropriate in such cases because a notary might not be readily available. *Carter v. Clark*, 616 F.2d 228 (5th Cir.1980). The § 2255 forms have been revised accordingly.

### WESTLAW ELECTRONIC RESEARCH

See WESTLAW guide following the Explanation pages of this volume.

### NOTES OF DECISIONS

Relief for one judgment    1

**1. Relief for one judgment**

Although defendant's motion to vacate, set aside, or correct sentence contained a technical flaw by making claim for relief against more than one judgment of the district court, procedural defect would be ignored, since plea agreement in question actually encompassed both robbery cases against defendant and issues involved were the same in both. U.S. v. Feekes, D.C.Wis.1984, 582 F.Supp. 1272.

## Rule 3. Filing Motion

**(a) Place of filing; copies.** A motion under these rules shall be filed in the office of the clerk of the district court. It shall be accompanied by two conformed copies thereof.

**(b) Filing and service.** Upon receipt of the motion and having ascertained that it appears on its face to comply with rules 2 and 3, the clerk of the district court shall file the motion and enter it on the docket in his office in the criminal action in which was entered the judgment to which it is directed. He shall thereupon deliver or serve a copy of the motion together with a notice of its filing on the United States Attorney of the district in which the judgment under attack was entered. The filing of the motion shall not require said United States Attorney to answer the motion or otherwise move with respect to it unless so ordered by the court.

### ADVISORY COMMITTEE NOTES

There is no filing fee required of a movant under these rules. This is a change from the practice of charging $15 and is done to recognize specifically the nature of a § 2255 motion as being a continuation of the criminal case whose judgment is under attack.

The long-standing practice of requiring tion and thus a continuation of the criminal action. (See note to Rule 1.)

A motion under Section 2255 is a civil action and the clerk has no choice but to charge a $15.00 filing fee unless by leave of court it is filed in forma pauperis.

*McCune v. United States*, 406 F.2d 417

docket fee must be paid, the amount is $5 rather than $15, and bases his contention on the exception contained in 28 U.S.C. § 1914 that in habeas corpus the fee is $5. This reads into § 1914 language which is not there. While an application under § 2255 may afford the same relief as that previously obtainable by habeas corpus, it is not a petition for a writ of habeas corpus. A change in § 1914 must come from Congress.

### 273 F.2d at 778

Although for most situations § 2255 is intended to provide to the federal prisoner a remedy equivalent to habeas corpus as used by state prisoners, there is a major distinction between the two. Calling a § 2255 request for relief a motion rather than a petition militates toward charging no new filing fee, not an increased one. In the absence of convincing evidence to the contrary, there is no reason to suppose that Congress did not mean what it said in making a § 2255 action a motion. Therefore, as in other remedied by rule when the whole question of § 2255 motions is thoroughly thought through and organized.

Even though there is no need to have a forma pauperis affidavit to proceed with the action since there is no requirement of a fee for filing the motion the affidavit remains attached to the form to be supplied potential movants. Most such movants are indigent, and this is a convenient way of getting this into the official record so that the judge may appoint counsel, order the government to pay witness fees, allow docketing of an appeal, and grant any other rights to which an indigent is entitled in the course of a § 2255 motion, when appropriate to the particular situation, without the need for an indigency petition and adjudication at such later point in the proceeding. This should result in a streamlining of the process to allow quicker disposition of these motions.

For further discussion of this rule, see the advisory committee note to Rule 3 of the § 2254 rules.

### WESTLAW ELECTRONIC RESEARCH

See WESTLAW guide following the Explanation pages of this volume.

## Rule 4. Preliminary Consideration by Judge

**(a) Reference to judge; dismissal or order to answer.** The original motion shall be presented promptly to the judge of the district court who presided at the movant's trial and sentenced him, or, if the judge who imposed sentence was not the trial judge, then it shall go to the judge who was in charge of that part of the proceedings being attacked by the movant. If the appropriate judge is unavailable to consider the motion, it shall be presented to another judge of the district in accordance with the procedure of the court for the assignment of its business.

**(b) Initial consideration by judge.** The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall

the court or to take such other a[ction]

### ADVISORY COM[MITTEE NOTE]

Rule 4 outlines the procedure for assigning the motion to a specific judge of the district court and the options available to the judge and the government after the motion is properly filed.

The long-standing majority practice in assigning motions made pursuant to § 2255 has been for the trial judge to determine the merits of the motion. In cases where the § 2255 motion is directed against the sentence, the merits have traditionally been decided by the judge who imposed sentence. The reasoning for this was first noted in *Carvell v. United States*, 173 F.2d 348, 348–349 (4th Cir.1949):

> Complaint is made that the judge who tried the case passed upon the motion. Not only was there no impropriety in this, but it is highly desirable in such cases that the motions be passed on by the judge who is familiar with the facts and circumstances surrounding the trial, and is consequently not likely to be misled by false allegations as to what occurred.

This case, and its reasoning, has been almost unanimously endorsed by other courts dealing with the issue.

Commentators have been critical of having the motion decided by the trial judge. See Developments in the Law—Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1206–1208 (1970).

> [T]he trial judge may have become so involved with the decision that it will be difficult for him to review it objectively. Nothing in the legislative history suggests that "court" refers to a specific judge, and the procedural advantages of section 2255 are available whether or not the trial judge presides at the hearing.

The theory that Congress intended the trial judge to preside at a section 2255 hearing apparently originated in *Carvell v. United States*, 173 F.2d 348 (4th Cir.1949) (per curiam), where the panel of judges included Chief Judge