UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

JON FIGLIOLINI,
(PETITIONER)

v.    CIVIL ACTION NO.
04-12192-GAO

UNITED STATES OF AMERICA,
(RESPONDENT).

APPLICATION FOR CERTIFICATE OF APPEALIBILITY

Now comes Jon Figliolini, "Petitioner", acting pro-se, pursuant to 28 U.S.C. § 2253 and Rule 22 (b) of the Federal Rules of Appeallate Procedure and respectfully requests that this Honorable Court issue a Certificate of Appealibility in the above captioned case.

As grounds for this Certificate of Appealibility Petitioner relies on the following:

1. Whether the claims set forth in Petitioner's Motion were fully and fairly litigated on direct appeal?

2. Whether claims, now supported by new evidence, can be relitigated under 28 U.S.C. § 2255 after the claims were raised on direct appeal and the First Circuit Court of Appeals ruled that there was no evidence on the "current record" to support the claims?

3. Whether the First Circuit Court of Appeals was correct of entertaining a claim of ineffective assissiance of counsel that was raised for the first time on direct appeal?

FACTS

Petitioner filed a Motion for 28 U.S.C. § 2255 "Petitioner's Motion". The Court Ordered the Government to file an answer.

On November 4, 2004 Petitioner received a copy of the Government's Opposition which it filed on November 2, 2004. In its opposition the government raised procedural defenses. On November 5, 2004 Petitioner filed a Motion with the Court requesting 30 days to reply to the Government's Opposition. On November 22, 2004, before Petitioner had an oppurtunity to reply to the Government's Opposition, he received a copy of the Court's Order, which was dated on November 15, 2004, denying Petitioner's Motion on procedural grounds, The Court assumed Petitioner's Motion was timely.

## ARGUMENT

In Order to obtain a Certificate of Appealibility on a claim the District Court denied on procedural grounds, Petitioner must demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484, 146 L. Ed. 2d 542 (2000)(emphasis added).

There is a two part test to determine whether a certificate of appealibility "should issue where the petition was dismissed on procedural grounds" Id. at 484.

The first part of this test is "directed at the underlying constitutional claims", and the second, is "directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal." Id. at 485.

In conducting this test infra, Petitioner will demonstrate that he, does indeed, meet both of these standards set forth by <u>Slack</u>, supra and § 2253.

> I. Whether jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right?

Petitioner raises several claims in his Motion under 28 U.S.C. § 2255 as grounds for relief:

- A. The government negotiated the plea agreement in bad faith.

- B. The government breached the plea agreement.

- C. Defense counsel was ineffective by failing to object to the government's bad faith of plea negotiation and the government's breach of plea.

Petitioner relies on all the authorities cited in his memorandum of law in support of his Motion under 28 U.S.C. § 2255, as a basis in law, to support his position that the claims set foth in his petition are valid claims of the denial of constitutional rights. Furthermore, in its ruling, the First Circuit Court of Appeals indicated that it would have ruled differently had there been evidence, on the current record, that supported Petitioner's claims.

> II. Whether jurists of reason would find it debatable whether the District Court was correct in its procedural ruling?

As the Petitioner demonstrated supra, he does meet the first prong of the <u>Slack</u> test. In meeting the second prong, Petitioner relies on the three questions that form the basis for this Certificate of Appealibility.

> 1. Whether the claims set forth in Petitioner's Motion were fairly and fully litigated on direct appeal?

The First Circuit Court of Appeals, in it's ruling, made

no determination as to whether; (a) the government negotiated the plea agreement in bad faith, (b) the government breached the plea agreement, and (c) defense counsel was ineffective by failing to object to the government's conduct.

Petitioner merely raised the claims on direct appeal. However, since the First Circuit Court of Appeals had no conclusions from this Court and there was no evidence on the current record to support Petitioner's contentions, the claims were thus not fully and fairly litigated on the merits.

In contrary to what the District Court concluded in its Order procedurally barring Petitioner from litigating these claims in a § 2255 motion, there was not adequate review of Petitioner's claims. The Third Circuit Court of Appeals in <u>United States v. Palumbo</u>, 608 F.2d 529, 533 (1979), cert denied, 446 U.S. 922, held "that in the <u>absence</u> of...circumstances indicating that an accussed did not recieve full and fair consideration of his federal constitutional...claims, a § 2255 petitioner may not relitigate issues that were adjudicated...on direct appeal.". (emphasis added).

Therefore, Petitioner's claims were not fairly and fully litigated, if it were litigated at all, on the merits and thus should now be viable claims for § 2255.

> 2. Whether claims, now supported by new evidence, can be relitigated under 28 U.S.C. § 2255 after the claims were raised on direct appeal and the First Circuit Court of Appeals ruled that there was no evidence on the current record to support Petitioner's claims?

The First Circuit Court of Appeals ruled as to each of Petitioner's claim that regarding the Government's bad faith

4.

negotiation of the plea agreement and breach of plea agreement;

> "The record does not support a claim that the prosecutor entered frauduently into the plea agreement. There is no evidence that, when the prosecution entered into the plea agreement, it knew of an ongoing investigation..."

First Circuit Court of Appeals unpublished opinion.

And as to defense counsels ineffectiveness by failing to object to the government's conduct;

> "We decide here only that, to the extent that Figliolini argues ineffective asistance of cuonsel <u>based on the present record</u>, he can not prevail. The record does not support the contention of fraud...and it is thus not possible to find his counsel was unreasonable in failing to object to such alleged fraud on the part of the prosecution."

First Circuit Court of Appeals unpublished decision. (emphassis added).

Attached as Exhibits A & B to his memorandum of law in support of Motion for § 2255, Petitioner now presents new evidence that the government frauduently entered into the plea agreement and Petitioner also makes new factual allegations that defense counsel was in possession of Exhibits A & B well before sentencing.

"While it is true that on a motion to vacate sentence...we will not re-review grounds for relief peviously considered and determined, nevertheless the rule is not so inflexible that it may not yeild to exceptional circumstances where the remeidy of the writ...is apparent." <u>Robson v. United States</u>, 526 F.2d 1145, 1147-48 (1st Cir. 1975)(internal citations and quotations ommitted).

Since Petitioner now has evidence to support his

5.

contentions, he should be allowed one bite of the apple and be afforded an opurtunity to have the claims determined on the merits.

> 3. Whether the Appeals Court was correct by entertaing a claim of ineffective assistance of counsel that was was raised for the first time on direct appeal?

Petitioner on direct appeal raised a claim that defense counsel was ineffective by failing to object to; the government entered frauduently into the plea agreement and breached the plea agreement. The Court ruled that, "based on the present record...it is thus not possible to find that [Petitioner's] counsel was unreasonable in failing to object..."

As soon as the First Circuit Court of Appeals made the determination that the current record was lacking and found it "not possible" to make the determination that counsel was ineffective "based on the present record", it should have rejected the claim and left it for § 2255.

In this Circuit "[i]t is well settled that an ineffective claim will not be entertained on direct appeal <u>absent a sufficiently developed evidentiary record</u>." <u>United States v. Ademaj</u>, 170 F.3d 58, 64 (1st Cir. 1999), cert. denied, 528 U.S. 887, citing, <u>United States v. Lopez-Pineda</u>, 55 F.3d 693, 697 (1st Cir. 1995)(emphasis added).

## CONCLUSION

For the foregoing reasons it would be a grave miscarrige of justice if Petitioner, did not have an oppurtunity to have these claims litigated on thier merits ,and serve a 210 month term of imprisonment that resulted from a plea that was based

on false pretenses.

WHEREFORE, this Honorable Court should issue a Certificate of Appealibility in this case.

DATED: December 8, 2004

Respectfully submitted,

by _____
Jon Figliolini, pro-se
Reg. # 02372-049
F.C.I. Otisville
P.O. BOX 1000
Otisville, N.Y. 10963

7.